UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

DAVID A. GROSS,

              Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

CR 05-0717 (ADS)

**A P P E A R A N C E S :**

    **LORETTA E. LYNCH**
    United States Attorney
    610 Federal Plaza
    Central Islip, NY  11722
      BY:   James Miskiewicz,
               Assistant United States Attorney

    **DAVID A. GROSS**
    Petitioner
    28 Dalton Street
    Long Beach, NY  11561

    **ERIC D. HARMON**
    Senior United States Probation Officer
    United States Probation Department
    202 Federal Plaza
    P.O. Box 9012
    Central Islip, NY  11722

**SPATT, District Judge.**

This Decision and Order is with regard to the second application for early termination of supervised release by the defendant David A. Gross (the "defendant" or "Gross") dated May 14, 2012.

## I. BACKGROUND AND THE DEFENDANT'S CONTENTIONS

On November 16, 2007, the defendant was sentenced to 33 months and placed on supervised release for a period of three years. According to the defendant, he commenced his supervised release upon his discharge from custody on June 4, 2010. The defendant made a prior application for early termination of his three year supervised release sentence which was denied by the Court in a Memorandum of Decision and Order dated January 27, 2012. The defendant's present application for early termination is based upon his decision to become a member of the United States Air Force Auxiliary, Civil Air Patrol. According to the defendant he has taken all the steps necessary to fulfill this goal including attending all bi-monthly meetings during the months of January, February, March, April and May 2012; submitting his Application for membership; studying and completing online training courses; and committing to serve at the Long Island/Jones Beach Memorial Day Air Show. Notwithstanding this service on his part, the defendant received a letter from the National Headquarters of the Civil Air Patrol stating that "civil air patrol policy does not allow us to accept an individual as a new member . . . if they . . . are on probation." The defendant contends that his commitment to serve "my country" constitutes "exemplary behavior" permitting the termination of his supervised release period "at this time."

The government opposes this application on the ground that the circumstance presented here by the defendant's application to join the Civil Air Patrol is not a "new or unforeseen circumstance," citing United States v. Kyles, 601 F.3d 78, 86 (2d Cir. 2010). In sum, the government contends that the defendant created this "circumstance" himself and it is not an unforeseen circumstance.

## II. DISCUSSION

The law with regard to early termination of a term of supervised release is set forth in this Court's prior decision as follows:

> The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge of a defendant from supervised release "in order to account for unforeseen circumstances"). Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See Lussier, 104 F.3d at 36. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. Id. This determination is within the discretion of the district court. Id.

The defendant first contends that he has demonstrated "exceptionally good behavior," by applying to "serve his country" as a member of the Civil Air Patrol which is a primary reason for early termination.

As an initial matter, the Court notes that the defendant has not yet engaged in the activity he asserts would justify granting the instant application. It would appear to the Court that an applicant to the Civil Air Patrol in the defendant's position would inquire whether a person on supervised release after a federal conviction would be permitted to join that semi-governmental organization. An initial inquiry would have certainly revealed that he is not eligible for membership while on supervised release. Further, the Court notes that there are many other ways that the defendant can serve his community that would not condition his service on the termination of his supervised release. Under the particular circumstances of this factual situation, the Court finds that the activities of Gross with regard to his attempt to join the Civil

3

Air Patrol do not demonstrate "exceptionally good behavior".

A vivid example and a model of "exceptionally good behavior" was set forth in the case of  United States v. Spinelle, 835 F.Supp 987, 989-90 (E.D. Michigan 1993).  The Court does not expect any applicant for early termination, such as Gross to emulate these activities.  However, they are a model of instruction as to "exceptional good behavior".  The defendant Spinelle made the most of his period of supervised release, as follows:

> These commendable activities have continued since his release.  In September 1992, he was hired by the Community Commission on Drug Abuse to serve as an apprentice Chemical Dependency Therapist/Counselor and Program Development and Evaluation Coordinator. He has authored several state, federal and foundation grants for the Commission.  These efforts have resulted in the Michigan Department of Corrections' funding of a drug-counseling program for probationers.  He also has developed and applied for the funding of a therapy program for chemically dependent federal probationers.  He hopes to serve as one of the therapists of the substance-abuse program, should it receive funding.
>
> His studies also have continued since his release.  He testified in court that since his release he has taken two courses at a local university.  In addition, he has met the requirements and presently serves as a Eucharistic Minister for his church in Plymouth. He also recently completed a one-month course to become a prison minister and feels that his role as a prison minister will enable him to assist prisoners with planning for their lives upon release.
>
> His accomplishments have not gone unrecognized.  In September 1992, he was awarded a scholarship by the Michigan Department of Public Health to attend an intense five-day workshop by the Grantmanship Center on Program Planning and Proposal Writing. He recently was selected for a scholarship by the Michigan Department of Public Health's Center for Substance Abuse Services to attend the Summer Midwest Therapist Training Institute in Madison, Wisconsin.  In addition, he now is licensed by the State of

Michigan as a professional counselor.

The defendant also contends that his application to join the Civil Air Patrol is a "new or unforseen circumstance" not contemplated at the time of the initial imposition of the supervised release. The Court disagrees.

In the Court's view this circumstance, namely, his desire to join the Civil Air Patrol is not an unforeseen circumstance. Rather, it is a circumstance of his own voluntary volition. While it is commendable that the defendant desires to join in this exciting and worthwhile venture, in the Court's view, it is not the type of unforeseen circumstance that would initiate an early termination. The reason for supervised release is clear and important. It is part of the mixed punishment and rehabilitation post-incarceration conceived by Congress and the Sentencing Commission. Supervised release is an important and constructive element in the rehabilitation process. To voluntarily join an organization like the Civil Air Patrol is certainly worthwhile but it is not an unforeseen circumstance as contemplated in the precedents leading to early termination. Hopefully, David Gross can renew his application to join the Civil Air Patrol when his supervised release has been completed.

Accordingly, this second application by David A. Gross for early termination is denied.

**SO ORDERED.**

Dated: Central Islip, New York
July 2, 2012

                                                                                        /s Arthur D. Spatt
                                                                                          ARTHUR D. SPATT
                                                                     United States District Judge